McKAY, C.J.,
concurs in part, and, dissents in part.
I concur with Judge Ledet’s opinion in so far as it reverses the summary judgment granted in favor of Reavis. However, I respectfully dissent from her opinion in so far as it affirms the' summary judgment granted in favor of Guilford.
In Jones v. Capitol Enterprises, Inc., 11-0956 (La.App. 4 Cir. 5/9/12), 89 So.3d 474, this Court considered the interpretation of language limiting-additional insured coverage to losses arising out of ongoing operations. The Court found that the majority of courts have construed this kind of additional insured ‘ endorsement broadly giving it a causal interpretation; the Court then adopted this position, finding that it *798 was consistent with other Louisiana insurance law and jurisprudence. Id. Even if this were not the case, if-an insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. Supreme Services & Specialty Co. v. Sonny Greer, Inc,, 06-1827 (La.5/22/07), 958 So.2d 634. The language used in both the BOA and the insurance policy appear to provide coverage to Fluor for a claim such as the one made by Ms. Chatelain or it is at least ambiguous. Therefore, the trial court improperly granted Guilford’s motion for summary judgment just as it improperly granted Reavis’s motion for summary judgment. The same logic that applies for Reavis also applies for its insurer. There is not anything in the insurance policy that negates this position.